GENEROSO DELLA VECCHIA, PLAINTIFF-RESPONDENT, v. FIDELITY UNION TRUST COMPANY, FEDERAL TRUST COMPANY AND VICTORZONI LARDIERI, DEFENDANTS-INTERVENERS, AND FIFTEENTH WARD BUILDING AND LOAN ASSOCIATION, DEFENDANT-APPELLANT.

Argued October 4, 1934—Decided March 9, 1935.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Robert S. Terhune* (*Harry Schaffer,* of counsel).

For the respondent, *Henry Pomerehne.*

LLOYD, J.   There was a judgment for the plaintiff who had cashed a check at the instance of one to whom it had been wrongfully and negligently delivered by the maker, defendant below, the theory being that such negligence was in violation of a duty owed to the plaintiff.   The building association appeals and urges a number of grounds for reversal, but the crucial one is that the defendant, maker of the check, owed no duty to the plaintiff, and that therefore no judgment could be properly rendered in his favor.

The building association had as a stockholder one Victorzoni Lardieri, and drew its check to his order for the surrender value of his stock.   The address of Lardieri on the asso-

ciation's books was 114 Summer avenue, Newark. There was another person, a lad of sixteen years bearing the same name, and a nephew of Lardieri's, who lived at 40 Cutler street, in the same city. By some mistake the check was mailed to the latter address, endorsed by the boy and negotiated by him, partly in payment of a debt of his father to the plaintiff below and partly for cash.

As the result of claims arising out of the above state of facts a number of actions were instituted by Della Vecchia. These, however, were all consolidated and the ultimate responsibility for Della Vecchia's loss placed on the building association, with a consequent judgment and the present appeal.

The opinion below rests its conclusion in favor of the plaintiff on the negligence of the officers of the association in forwarding the check to the wrong person of the same name and thereby enabling that person to commit a fraud by negotiating the check to the plaintiff and receiving consideration therefor. Negligence in this there certainly was, but this could only create liability therefor if a duty was owing to the plaintiff, the victim of the fraud involved in negotiation of the check. Negligence in itself cannot be made the basis of liability. There must not only be the fact of negligence, but a consequent loss falling upon someone to whom a duty of care is due. Such a duty we think did not exist in this case. In accepting the check from the wrong person and on a wrong endorsement the plaintiff was a volunteer taking the risk of that person's authority to negotiate.

Numerous cases in our books establish that in such a situation there is no relation between the maker and the stranger who thus volunteers to credit the wrongful endorsement. It is only necessary to cite that of *Sprague* v. *West Hudson County Trust Co.* 92 *N. J. Eq.* 639.

The judgment is reversed.